UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAHADULLAH NASSERY,

           Petitioner,

       v.

WARDEN OF MESA VERDE
CORRECTIONAL FACILITY, et al.,

           Respondents.

No. 1:26-cv-00765-TLN-JDP

**ORDER**

On January 28, 2026, Petitioner Jahadullah Nassery ("Petitioner") filed a Motion for a Temporary Restraining Order ("TRO"). (ECF No. 2.) On January 29, 2026, the Court granted Petitioner's Motion for a TRO and ordered Respondents Warden of Mesa Verde Correctional Facility, Sergio Albarran, Kristi Noem, Todd M. Lyons, and Pamela Bondi (collectively, "Respondents") to show cause why a preliminary injunction continuing the terms of the Court's TRO should not issue. (ECF No. 5.) For the reasons set forth below, the Court issues a preliminary injunction.

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of Afghanistan.  (ECF No. 1 at 18.)  He entered the United States on August 31, 2021 without inspection, was released by Immigration and Customs Enforcement ("ICE") and was placed in removal proceedings.  (*Id.* at 2.)  Despite Petitioner's compliance while released, including attending all of his check-ins with ICE, Petitioner was abruptly redetained on September 4, 2025 at his check-in with Immigration and Customs Enforcement. (*Id.* at 19.)

## II.    STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction.  *Id.* at 1134–35.

## III.    ANALYSIS

### A.    Likelihood of Success on the Merits

Petitioner has established a likelihood of success on his due process claim.  The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States,

2

regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a) Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

Here, the Court finds Petitioner has raised serious questions as to whether he has protectable liberty interest. *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"). Petitioner was released on his own recognizance, and while he was released, complied with all of his reporting obligations. (ECF No. 1 at 19.) As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom. *See, e.g.*, *Doe v. Becerra*,

787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(2) does not bear on this Court's analysis. The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3(E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Respondents put forth no compelling argument to the contrary.

### b) *Procedural Due Process*

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the

4

government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest – Petitioner was released on his own recognizance and was out of custody for over four years. The time Petitioner has spent in the United States, as well as his established relationships, create a powerful private interest in Petitioner's continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here to be considerable. The risk of an erroneous deprivation of Petitioner's liberty interest is high where he has received virtually no procedural safeguards such as a bond or custody redetermination hearing. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). This is particularly so where, as here, Petitioner has complied with the conditions of his release. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community.").

As to the third *Mathews* factor, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible. *R.D.T.M.*, 2025 WL 2686866 at *6. Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the government's interest is further diminished here where Petitioner was already found appropriate for release and has complied with the conditions of his release. "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."). *Hernandez*, 872 F.3d at 994.

On balance, the Court finds the *Matthews* factors demonstrate Petitioner is entitled to due process – a hearing to determine whether his detention was warranted. Accordingly, with respect to his due process claim, Petitioner has shown he is likely to succeed on the merits.

B. Irreparable Harm

Petitioner has also established he will suffer irreparable harm in the absence of a TRO.

The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention[.]" *Hernandez*, 872 F.3d at 995. Even if this was not sufficient to establish irreparable harm, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

C.    Balance of Equities and Public Interest

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). The Court finds there is no equitable reason that would tip the balance in the Government's favor, because the Government faces no hardship. First, it is clear on this record that the balance of equities tips decidedly in Petitioner's favor as the Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Second, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002. Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (internal citation omitted).

In sum, these last two factors also weigh in Petitioner's favor. Therefore, the Court issues a preliminary injunction.

**IV.    CONCLUSION**

The Court issues a preliminary injunction. Respondents are enjoined and restrained from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents are further enjoined and restrained from rearresting or redetaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Respondents shall bear the burden of proving by clear

6

and convincing evidence that: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Petitioner poses a danger to the community or a flight risk.  Petitioner shall be allowed to have his counsel present at the hearing.

Pursuant to Local Rule 302(a), this matter is hereby REFERRED to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: February 23, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE